AT ROANOKE, VA
FILED

JUL 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NEMICIO ZURITA, on behalf of himself and all similarly situated employees,<br>Plaintiff,<br><br>v.<br><br>P.F. CONSTRUCTION, LLC;<br>PATROCINO FERRUFINO; and<br>CAPITAL INTERIORS, INC.,<br>Defendants. | Civil Action No.: 7:08cv00466<br><br>**MEMORANDUM OPINION**<br>**& ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

A lone employee initiated this collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-19 (2000) ("FLSA") against his joint employers. He now wishes to withdraw. Three additional employees wish to join, but the statute of limitations will bar their actions unless their joint employers' failure to post a FLSA notice, required by Department of Labor regulations, can equitably toll the limitations period. Because the parties dispute whether the joint employers actually posted the notice, the court orders a separate evidentiary hearing on this potentially dispositive factual question. See Fed. R. Civ. P. 42(b).

Plaintiff Nemicio Zurita originally brought a FLSA collective action under 29 U.S.C. § 216(b) against Defendants P.F. Construction, LLC ("P.F. Construction"), one of its owners, Patrocino Ferrufino, and Capital Interiors, LLC ("Capital Interiors"). His complaint alleged that P.F. Construction and Capital Interiors jointly employed him on a construction job that lasted from May to October of 2005. Among other claims, the complaint sought unpaid overtime compensation in violation of 29 U.S.C. § 207(a) for the drywall work that Zurita and other similarly situated employees performed. Zurita filed his complaint in August 2008, but in late November he informed his counsel that he wanted to withdraw. On December 3, 2008, three

Case 7:08-cv-00466-SGW-mfu   Document 46   Filed 07/20/09   Page 1 of 4   Pageid#: 298

additional drywall employees, Richard Colque, Vladimir Guevara, and Roberto Aguilar, filed their written consents to join the collective action. The matter is now before the court on Defendants' Motions to Dismiss and Plaintiff's Motion to Substitute Named Representative Plaintiff and Amend Complaint.

The timing of these events is particularly important in light of the FLSA's collective action structure. Under the FLSA, an employee may maintain a collective action on behalf of "other employees similarly situated," but these other employees must opt-in to take advantage of the collective action: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); cf. Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003) ("§ 216(b) is a fundamentally different creature than the Rule 23 class action.").

A two-year statute of limitations applies to ordinary violations of the FLSA, but a three-year statute of limitations applies to willful violations. 29 U.S.C. § 255(a). For a named plaintiff, a FLSA collective action commences "on the date when the complaint is filed" so long as the employee's "written consent to become a party plaintiff is filed on such date in the court." 29 U.S.C. § 256(a). For unnamed plaintiffs, a FLSA action commences "on the subsequent date on which [the plaintiff's] written consent is filed in the court." § 256(b); see also Lee v. Vance Exec. Prot., Inc., 7 Fed. App'x 160, 167 (4th Cir. 2001) ("In other words, consents not filed with the complaint do not relate back."). Thus, even assuming a willful violation, the three-year statute of limitations still bars the additional plaintiffs' claims: the Complaint alleges the construction job ended around October 2005 and the additional plaintiffs filed their consents on

2

December 3, 2008.

Plaintiffs claim equitable tolling applies because Defendants failed to comply with 29 C.F.R. § 516.4, which requires employers to "post and keep posted a notice explaining the [FLSA] . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." Irrespective of this argument's legal merit, Capital Interiors contends that it posted the required notice. Its Vice President, Ali K. Khosravi, has submitted an affidavit stating that "[b]ased on [his] personal knowledge, [Capital Interiors] posted this notice . . . in a conspicuous place on [Capital Interiors's] trailer," the notice remained "continually posted" during the construction job, and the "notice could easily be seen by all persons working at this work site." (Khosravi Supplemental Aff. ¶ 4.) Plaintiffs contend these assertions are not based on personal knowledge,[1] and Aguilar and Colque have submitted declarations stating that they believed P.F. Construction maintained the only trailer they used at the job site, and that at no point during their employment "did [they] see any notice containing information about legal rights to be paid overtime compensation on the outside or inside of the trailer or anywhere around the trailer." (Aguilar Decl. ¶ 4; Colque Decl. ¶ 4.)

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). "Conducting an evidentiary hearing limited to a discrete, potentially dispositive issue is an authorized and frequently a sensible method for expediting the decision of cases." Robinson v. Sheriff of Cook County, 167 F.3d 1155, 1157 (7th Cir. 1999). Having reviewed the parties' affidavits and filings,

---

[1] "The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition based thereon [is] improper." Antonio v. Barnes, 464 F.2d 584, 585 (4th Cir. 1972).

3

the court finds that the disposition of Plaintiffs' collective action depends in whole or in part on whether Defendants posted the FLSA notice in accordance with 29 C.F.R. § 516.4. Accordingly, the court will conduct an evidentiary hearing on this limited issue. The court also permits limited discovery related to this issue.

It is so **ORDERED**.

**Enter**: This 20th of July, 2009.

                                                  UNITED STATES DISTRICT JUDGE